**F. Richard Ruderman (SB No. 142226)**
**Daniel R. Shaw (SB No. 281378)**
**Colleen A. Snyder (SB No. 274064)**
**Ruderman & Knox, LLP**
**1300 National Drive, Suite 120**
**Sacramento, CA 95834**
**Telephone: (916) 563-0100**
**Facsimile: (916) 563-0114**

**Attorneys for Plaintiff M.F., a minor,**
**By and through her guardian ad litem, S.F.**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.F., a minor; by and through her guardian ad litem, S.F., <br><br> Plaintiff, <br><br> v. <br><br> CENTER JOINT UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No.: 2:15-cv-00849-JAM-CKD <br><br> **PROTECTIVE ORDER** <br><br><br> Complaint Filed: April 20, 2015 |

In order to facilitate the exchange of information and documents during the course of discovery, which may be subject to confidentiality and extremely sensitive and private limitations due to federal laws, state laws, and privacy rights, the Parties are hereby ordered to comply with the terms of the following Protective Order:

1. In this Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding (CASE NO. 2:15-cv-00849-JAM-CKD and the related State Court proceeding 34-2015-00178126).

   b. "Court" means the Hon. John A. Mendez, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

   c. "Confidential" means any information which is in the possession of a Designating

1  Party who believes in good faith that such information is entitled to confidential treatment under
2  applicable law.

3     d.    "Confidential Materials" means any Documents, Testimony or Information as
4  defined below designated as "Confidential" pursuant to the provisions of this Stipulation and
5  Protective Order.

6     e.    "Designating Party" means the Party that designates Materials as "Confidential."

7     f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make
8  available Materials, or any part thereof, or any information contained therein.

9     g.    "Documents" means (i) any "Writing," "Original," and "Duplicate," which have
10 been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or
11 summaries of all or any part of the foregoing.

12     h.    "Information" means the content of Documents or Testimony.

13     i.    "Testimony" means all depositions, declarations or other testimony taken or used in
14 this Proceeding.

15 2.    The Designating Party shall have the right to designate as "Confidential" any Documents,
16 Testimony or Information that the Designating Party in good faith believes to contain non-public
17 information that is entitled to confidential treatment under applicable law.

18 3.    The entry of Protective Order does not alter, waive, modify, or abridge any right, privilege
19 or protection otherwise available to any Party with respect to the discovery of matters,   including
20 but not limited to any Party's right to assert the attorney-client privilege, the
21 attorney work product doctrine, or other privileges, or any Party's right to contest any such
22 assertion.

23 4.    Any Documents, Testimony or Information to be designated as "Confidential" must be
24 clearly so designated before the Document, Testimony or Information is Disclosed or produced. The
25 parties may agree that the case name and number are to be part of the "Confidential" designation.
26 The "Confidential" designation should not obscure or interfere with the legibility of the designated
27 Information.

28     a.    For Documents (apart from transcripts of depositions or other pretrial or trial

proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

   b.  For Testimony given in depositions the Designating Party may either:

     i.  identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

     ii.  designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

   c.  For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5.  The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received

1  the inadvertently produced Document, Testimony or Information shall promptly destroy the
2  inadvertently produced Document, Testimony or Information and all copies thereof, or, at the
3  expense of the producing Party, return such together with all copies of such Document, Testimony
4  or Information to counsel for the producing Party and shall retain only the "Confidential"
5  designated Materials. Should the receiving Party choose to destroy such inadvertently produced
6  Document, Testimony or Information, the receiving Party shall notify the producing Party in writing
7  of such destruction within ten (10) days of receipt of written notice of the inadvertent production.
8  This provision is not intended to apply to any inadvertent production of any Information protected
9  by attorney-client or work product privileges. In the event that this provision conflicts with any
10 applicable law regarding waiver of confidentiality through the inadvertent production of
11 Documents, Testimony or Information, such law shall govern.

12 6.   In the event that counsel for a Party receiving Documents, Testimony or Information in
13 discovery designated as "Confidential" objects to such designation with respect to any or all of such
14 items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the
15 specific Documents, Testimony or Information to which each objection pertains, and the specific
16 reasons and support for such objections (the "Designation Objections"). Counsel for the
17 Designating Party shall have thirty (30) days from receipt of the written Designation Objections to
18 either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or
19 all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or
20 all designations on Documents, Testimony or Information addressed by the Designation Objections
21 (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and
22 all existing designations on the Documents, Testimony or Information at issue in such Motion shall
23 remain in place. The Designating Party shall have the burden on any Designation Motion of
24 establishing the applicability of its "Confidential" designation. In the event that the Designation
25 Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such
26 Documents, Testimony or Information shall be de-designated in accordance with the Designation
27 Objection applicable to such material.

28 7.   Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be

permitted only to the the Court and its personnel, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a.    The named parties and their employees, representatives and agents who are deemed necessary to the prosecution or defense of that party's position in this litigation;

    b.    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding;

    c.    court reporters[1] in this Proceeding (whether at depositions, hearings, or any other proceeding);

    d.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    e..    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials;

    f.    Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing;. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

    g.    any other person that the Designating Party agrees to in writing.

Prior to receiving any Confidential Materials, each "qualified person," as defined herein shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

8.    Confidential Materials shall be used by the persons receiving them only for the purposes of

---

[1] The court's reporter is excepted from the requirement of signing the nondisclosure agreement.

preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

        i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

11. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

12. If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

13. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials

1  designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential
2  manner, then the Designating Party shall advise that the designation no longer applies.

3  14. Where any Confidential Materials, or Information derived from Confidential Materials, is
4  included in any motion or other proceeding, the same shall be submitted to the Court with a Request
5  to Seal Documents in compliance with Federal Rule of Civil Procedure 5.2 and Eastern District
6  Local Rule 141.

7  15. The Parties shall meet and confer regarding the procedures for use of Confidential Materials
8  at trial and shall move the Court for entry of an appropriate order.

9  16. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential
10 Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate
11 judicial action with respect to any ruling made by the Court concerning the issue of the status of
12 Protected Material.

13 17. This Protective Order shall continue to be binding after the conclusion of this Proceeding
14 and all subsequent proceedings arising from this Proceeding, except that a Party may seek the
15 written permission of the Designating Party or may move the Court for relief from the provisions of
16 this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce,
17 modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

18 18. Upon written request made within thirty (30) days after the settlement or other termination
19 of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to
20 counsel for each Designating Party all Confidential Materials and all copies thereof (except that
21 counsel for each Party may maintain in its files, in continuing compliance with the terms of this
22 Protective Order, all work product, and one copy of each pleading filed with the Court, (b) agree
23 with counsel for the Designating Party upon appropriate methods and certification of destruction or
24 other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other
25 Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order
26 regarding proper preservation of such Materials. To the extent permitted by law the Court shall
27 retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c)
28 herein.

1  IT IS SO ORDERED.

2  Dated:  December 2, 2015

3  _____
   CAROLYN K. DELANEY
4  UNITED STATES MAGISTRATE JUDGE

Attachment A
NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered into in M.F., a minor, by and through her guardian ad litem, S.F. v. Center Joint Unified School District, United States District Court for the Eastern District of California, Civil Action No. 2:15-cv-00849-JAM=CKD, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:

By: _____